UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVEEN KUMAR,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY DHS, *et al.*,<br><br>　　　　　Respondents. | Case No. 5:26-cv-00559-CV (ASx)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION [3]** |

On February 6, 2026, Petitioner Parveen Kumar ("Petitioner") filed a Motion for Preliminary Injunction ("Motion"). Doc. # 3 ("Mot."). On February 13, 2026, Respondents filed a Response to the Motion. Doc. # 7. On February 26, 2026, Petitioner filed a Reply. Doc. # 9. Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

I.　**INTRODUCTION**

On February 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241 (the "Petition") against the Warden of Desert View Facility,

Enforcement and Removal Operations ("ERO"), Immigration and Customs Enforcement ("ICE"), and Department of Homeland Security ("DHS"). Doc. # 1 ("Pet.").

Also on February 6, 2026, Petitioner filed the Motion, seeking a Preliminary Injunction that would require Respondents to provide Petitioner with a prompt, individualized custody determination before a neutral decision-maker, at which Respondents shall bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence that Petitioner poses a danger or flight risk sufficient to warrant continued detention, and ordering that unless Respondents provide such a custody determination within 14 days, they must release Petitioner. Doc. # 5-2.

## II. FACTUAL BACKGROUND

On or about August 26, 2024, Petitioner entered the United States without being admitted or paroled. Pet. ¶ 11. He was initially placed into expedited removal proceedings under INA § 235(b)(1), and expressed a fear of returning to India. *Id.* ¶ 12. An asylum officer conducted a credible fear interview and determined that Petitioner demonstrated a credible fear of persecution or torture. *Id.* ¶ 13. As a result, expedited proceedings were terminated, and DHS issued a Notice to Appear ("NTA"), placing Petitioner into full removal proceedings under INA § 240. *Id.* ¶ 14.

The NTA charges Petitioner as removable under INA § 212(a)(6)(A)(i) and INA § 212 (a)(7)(A)(i)(I). *Id.* ¶ 15. Petitioner's removal proceedings remain pending, and no master calendar hearing has been scheduled yet. *Id.* ¶ 16.

On January 28, 2026, ICE took Petitioner into custody. *Id.* ¶ 17. Petitioner was brought to Desert View Facility in Adelanto, California, and remains there to date. *Id.* ¶ 18. Since being detained, Petitioner has had no custody review, despite seeking release through the Immigration Court's bond process. *Id.* ¶¶ 20, 23, 26. Petitioner has no criminal history. *Id.* ¶ 19.

## III. LEGAL STANDARD

The standard for issuing a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d

1060, 1067 (C.D. Cal. 2020); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a temporary restraining order and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a temporary restraining order must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard," *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a temporary restraining order may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," so long as the other *Winter* factors are also met. *Id.* at 1132.

IV. **DISCUSSION**

Petitioner broadly argues that his detention violates due process because there were no meaningful procedural safeguards in place, including an individualized custody determination. In response, Respondents argue that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (*Bautista*).

The Court in Bautista certified the Bond Eligible Class, defined as "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are

not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista* at *32.

The Court ordered Petitioner to file a supplemental brief addressing whether he is a member of the Bond Eligible Class. Doc. # 8. Petitioner thereafter filed the Reply, stating that Petitioner is a member of the Bond Eligible Class. Reply at 3.

Although the Court is not satisfied that the facts clearly establish Petitioner's eligibility as a member of the Bond Eligible Class, the Court agrees that Petitioner is at minimum entitled to the same relief awarded to the members of the Bond Eligible Class. Further, the parties both agree that Petitioner is entitled to relief pursuant to *Bautista*.

Therefore, Consistent with the Final Judgment in *Bautista*, the Court orders that Petitioner is entitled to an individualized bond hearing.

## V. CONCLUSION

For the foregoing reasons, the court GRANTS Petitioner's Motion and ORDERS as follows:

1. Respondents are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing—at which the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public—before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

2. To preserve the Court's jurisdiction, respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case or further order of the Court, unless executing a final order of removal issued against Petitioner.

3. Respondents are to provide the Immigration Judge conducting the individualized bond hearing with a copy of this Order.

The Court ORDERS the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order by March 11, 2026. The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED**.

Dated:  3/2/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE